IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.E.I.U. LOCAL NO. 4 PENSION FUND, S.E.I.U. LOCAL NO. 4 HEALTH & WELFARE FUND and THOMAS BALANOFF, Trustee on behalf of both funds, <br><br> Plaintiffs, <br><br> v. <br><br> PALOS HILLS EXTENDED CARE, LLC, an Illinois Limited Liability Company, <br><br> Defendant. | Case No. 04 C 3756 <br> Judge Norgle <br> Magistrate Judge Brown |

## MOTION FOR ENTRY OF FIFTH SUPPLEMENTAL JUDGMENT

S.E.I.U. Local No. 4 Pension Fund ("Pension Fund"), and its representative trustee, through counsel, move the Court for the entry of a fourth supplemental judgment regarding delinquent contributions owed to the Pension Fund. In support thereof Plaintiffs state as follows:

1. On July 22, 2005, this Court entered a Judgment against the Defendant in favor of the Pension Fund in the amount of in the amount of $124,076.60 and the S.E.I.U. Local No. 4 Health and Welfare Fund ("Health and Welfare Fund") in the amount of $114,197.25. (Collectively the Pension Fund and the Health and Welfare Fund are referred to as the "Funds.") A copy of the judgment is attached as Exhibit A.

2. As detailed in the Judgment, the Court "considered the Defendant's conduct throughout this litigation" and found that the Defendant failed "to abide by the Court's Order dated February 1, 2005 to submit to an audit. . ." Further, the Court found that the Defendant

1

failed "to respond to the Plaintiffs' Motion for a Preliminary Injunction" and the "Plaintiffs' Motion for Entry of Judgment." *Id.*

3. The Judgment required the Defendant to timely remit contributions and contribution reports to the Funds:

> That the Defendant Palos Hills Extended Care, LLC, its agents, servants, employees, and all persons in active concert or participation with Defendant **are ordered to remit contribution reports with the required contributions** to the S.E.I.U. Local No. 4 Pension Fund and the S.E.I.U. Local No. 4 Health and Welfare Fund as required by its collective bargaining agreement with S.E.I.U. Local No. 4 and the governing trust agreements for all periods after March 31, 2005. These reports and contributions must be submitted by the 25th day of the month following the month in which a contribution obligation or reporting obligation accrued . . . .

*Id.* [Emphasis supplied.]

4. On August 14, 2006 the Court entered a Supplemental Judgment for the **estimated** contributions through July 31, 2006.

5. Because the Defendant has consistently failed to both report and pay contributions to the Pension Fund, the Court has entered four prior supplement judgment. (Second Supplement Judgment was entered on August 25, 2006 (R.54); the Third Supplement Judgment was entered on May 11, 2007 (R.71); and the Fourth Supplemental Judgment was entered on July 11, 2008 (R.83).

6. Despite an unambiguous obligation to report and pay contributions to the Pension Fund under a collective bargaining and trust agreements, an injunction and multiple supplemental judgments, the Defendant continues to ignore this obligation.

7. The prior supplemental judgments for contributions were based upon estimated contributions as the Defendant has failed to submit the required contribution report that would detail the participants' names and hours of employment.

2

8. The Pension Fund's billing procedure assumes that the same employees performed covered work in the succeeding months until notified by the employer of a change (for example, the termination or hiring of an employee). *See* Declaration of Sue Wever (the Funds' Financial Manager), Exhibit B.

9. Applying the same estimated contributions as the Court adopted in its Supplemental Judgments, reveals that an additional $14,279.53 has accrued in estimated pension contributions for the eight-month period from June 2008 through January 2009.

10. The Trust Agreements governing the collection of contributions owed to the Plaintiffs provide for payment of interest, liquidated damages and attorney's fees. Defendant owes interest of $650.74, liquidated damages of $2,855.90, and attorney's fees plus costs of $1,199.25. See Exhibits B (Declaration of Sue Wever) and Exhibit C (Declaration of Thomas J. Angell) which addresses attorney's fees. Moreover, the award of attorney's fees is mandatory in ERISA collection actions. 29 U.S.C. § 1132(g)(2)(D).

11. A copy of the proposed Fifth Supplemental Judgment is attached as Exhibit E The proposed Fifth Supplemental Judgment contemplates that additional sums may be owed as disclosed in contribution reports (after the Defendant tenders the missing reports to the Pension Fund) or by an audit.

WHEREFORE, Plaintiffs respectfully move that the Court grant the following relief:

A) A fifth supplement judgment in favor of Plaintiffs and against Defendant in the amount of: $18,985.42 as provided in the proposed order.

B) The Court retain jurisdiction of this case.

C)  For such other relief as this Court determines is just and appropriate.

Respectfully submitted,

/s/ Thomas J. Angell
One of Plaintiffs' Attorneys

Thomas J. Angell
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 327-3437

# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| S.E.I.U. LOCAL No. 4 HEALTH & WELFARE FUND, S.E.I.U. LOCAL No. 4 PENSION FUND, and THOMAS BALANOFF, Trustee on behalf of both funds, <br><br> Plaintiffs <br><br> v. <br><br> PALOS HILLS EXTENDED CARE, LLC, an Illinois Limited Liability Company. <br><br> Defendant. | No. 04 C 3756 <br><br> Judge Norgle <br> Magistrate Judge Brown |

## JUDGMENT ORDER

This matter came before the Court for a status hearing. The Court has considered the Plaintiffs' Motion for Entry of Judgment; Plaintiffs' Motion for a Preliminary Injunction; and Plaintiffs' Motion for Rule to Show Cause. The Court has considered the Defendant's conduct throughout this litigation, including its failure to abide by the Court's Order dated February 1, 2005 to submit to an audit, the Defendant's failure to appear at status hearings, its failure to respond to the Plaintiffs' Motion for a Preliminary Injunction and its failure to respond to the Plaintiffs' Motion for Entry of Judgment. The Court has also considered the Declaration of Plaintiffs' auditor. The Court hereby FINDS, ORDERS, and ADJUDGES as follows:

1. That Defendant Palos Heights Extended Care, LLC is adjudged to be in default.

2. That a Judgment is ordered to be entered in favor of S.E.I.U. LOCAL No. 4 Pension Fund and Trustee Thomas Balanoff and against Palos Hills Extended Care, LLC in the amount of $124,076.60. This amount consists of: (a) $72,371.35 in delinquent contributions for the period of January 1, 2002 through March 31, 2005; (b) $16,001.18 in interest; (c) $16,001.18

in additional interest as provided by 29 U.S.C. § 1132(g)(2)(C)(i); (d) $12,681.84 in attorneys' fees and costs; and (e) $7,021.05 in audit costs.

3. That a Judgment is ordered to be entered in favor of S.E.I.U. LOCAL No. 4 Health and Welfare Fund and Trustee Thomas Balanoff and against Defendant Palos Hills Extended Care, LLC in the amount of $114,197.25. This amount consists of: (a) $58,280.00 in delinquent contributions for the period of January 1, 2002 through March 31, 2005; (b) $18,107.18 in interest; (c) $18,107.18 in additional interest as provided by 29 U.S.C. § 1132(g)(2)(C)(i); (d) $12,681.84 in attorneys' fees and costs; and (e) $7,021.05 in audit costs.

4. That the Defendant Palos Hills Extended Care, LLC, its agents, servants, employees, and all persons in active concert or participation with Defendant are ordered to remit contribution reports with the required contributions to the S.E.I.U. Local No. 4 Pension Fund and the S.E.I.U. LOCAL No. 4 Health and Welfare Fund as required by its collective bargaining agreement with S.E.I.U. Local No. 4 and the governing trust agreements for all periods after March 31, 2005. These reports and contributions must be submitted by the 25th day of the month following the month in which a contribution obligation or reporting obligation accrued, except all currently delinquent reports and contributions must be submitted by August 10, 2005.

5. That the Court retains jurisdiction of this cause to enforce this Order.

Entered: 7/22/05

Honorable Charles R. Norgle
United States District Judge

2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.E.I.U. LOCAL NO. 4 PENSION FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PALOS HILLS EXTENDED CARE, LLC,<br>an Illinois Limited Liability Company,<br><br>Defendant. | Case No. 04 C 3756<br><br>Judge Norgle<br>Magistrate Judge Brown |

## DECLARATION OF SUE WEVER

I, Sue Wever, in accordance with 28 U.S.C. § 1746 hereby give my declaration.

1. I am the Financial Manager of the S.E.I.U. Local No. 4 Pension Fund ("Pension Fund") and the S.E.I.U. Local No. 4 Health & Welfare Fund (the "Welfare Fund") (collectively the "Funds").

2. I maintain files and records on behalf of all employers (including Defendant) that are obligated to contribute to the Funds. This declaration is based upon the Funds' business records and accounting records which are kept under my dominion and control.

3. The Funds operate on the basis of an employer self-reporting system that requires participating employers to identify those employees for whom contributions are owed, to identify — depending on the governing collective bargaining agreement's language — the hours worked by covered employees, and to pay the corresponding contributions.

4. The Defendant has failed to submit contribution reports and contributions to the Pension Fund for the period of June 1, 2008 through January 31, 2009. In its last Pension contribution report, the Defendant reported that 74 covered employees worked 9,780.5 hours in August 2007. The total amount of the contributions for that month was $1,760.49 (9,780.5 hours multiplied by the Pension Fund's $0.18 per hour rate).

5. Under its customary billing procedure, Pension Fund sends contribution reports to each employer that lists the same employees that employer had disclosed in its previous report. It is the employer's responsibility to update the prior month's report by adding the new covered employees, removing the terminated covered employees and correctly stating the hours that each such employee worked. Applying the applicable billing rate to the last known contribution reports for the period of the missing reports (June 1, 2008 through January 31, 2009), yields a principal contribution obligation of $14,279.53. This was calculated by multiplying the number of last reported hours of covered employees (9,780.50) by the applicable contribution rates ($.18 from June through December and $.20 for January) by the number of months (9,780.50 hours x $.18 contribution rate x 7 months = $12,323.43 for June through December 2008 and $1,956.10 for January 2009 (9,780.50 hours x $.20 contribution rate).

6. The Pension Fund's Trust Agreement provides for the payment of interest on delinquent contributions at the rate of 1% per month. Based upon the delinquencies described herein, the amount of interest owed through January 2009 is $650.74 to the Pension Fund. The Pension Fund's Trust Agreement also provides for the payment of the liquidated damages of 20% of the principal delinquency. Based upon the delinquencies described herein, the amount of liquidated damages owed is $2,855.90

Thus, the total amount owed to the Pension Fund for the period of June 1, 2008 through January 31, 2009 is $17,786.17 ($14,279.53 + $650.74+ $2,855.90). This sum does not include collection costs and attorney's fees.

7. I declare under the penalty of perjury that the foregoing is true and correct. executed on February 12, 2009

_____
Sue Wever

3

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| S.E.I.U. LOCAL No. 4 HEALTH & WELFARE FUND, S.E.I.U. LOCAL No. 4 PENSION FUND, and THOMAS BALANOFF, Trustee on behalf of both funds, | ) ) ) ) ) | No. 04 C 3756 |
| Plaintiffs | ) ) | |
| v. | ) ) | Judge Norgle |
| PALOS HILLS EXTENDED CARE, LLC, an Illinois corporation, | ) ) ) | Magistrate Judge Brown |
| Defendant. | ) | |

## DECLARATION OF THOMAS J. ANGELL

I, Thomas J. Angell, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury that the following is true and correct, and based on my own personal knowledge:

1. I am an attorney with the law firm Jacobs, Burns, Orlove, Stanton & Hernandez ("Jacobs Burns"), located at 122 S. Michigan Avenue, Suite 1720, Chicago, Illinois. I have been a partner since January 2001, and previously an associate from 1991.

2. I received my Juris Doctorate degree and my Masters of Law in taxation from the John Marshall Law School in 1978 and 1987, respectively. I was admitted to the Illinois bar in 1978, and have practiced law continuously since that time. I am also admitted to practice before the United States Court of Appeals for the Sixth Circuit, the United States Court of Appeals for the Seventh Circuit, and the United States District Court for the Northern District of Illinois.

3. From 1981 through 1990, I was a staff attorney for the Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds where I worked primarily on

withdrawal liability litigation.

4. At Jacobs Burns my work involves the representation of Funds in withdrawal liability and other ERISA actions before the United States District Court, Bankruptcy Court, and in arbitration; and drafting plan documents and summary plan descriptions for various ERISA funds.

5. In 1994 and 1997 I co-authored a chapter and a supplement on multi-employer plans for the Illinois Institute of Continuing Legal Education's publication entitled "Employee Benefits Law."

6. I have expended more than 4.0 hours in the preparation of the motion, the supporting declarations, telephone conversation with Pension Fund representatives, email to Pension Fund representatives, preparation of citation and proposed order and seek an award of attorney's fees of $1,180. This has been calculated the hourly rate previously approved by this Court but capped at 4.0 hours (4 X $295). In addition, costs of more than $19.25 have been incurred for delivery charges and photocopies. Thus, the total fees and costs are: $1,199.25.

Executed on February 17, 2009.

_____
Thomas J. Angell

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

S.E.I.U. LOCAL No. 4 HEALTH & WELFARE )
FUND, S.E.I.U. LOCAL No. 4 PENSION FUND, )
and THOMAS BALANOFF, Trustee on behalf )
of both funds, )
                                                  )     No. 04 C 3756
                                                  )
                       Plaintiffs    )
v.                                               )     Judge Norgle
                                                  )     Magistrate Judge Brown
PALOS HILLS EXTENDED CARE, LLC,    )
an Illinois Limited Liability Company.    )
                                                  )
                       Defendant.    )

## FIFTH SUPPLEMENTAL JUDGMENT

This matter came before the Court on the Plaintiffs' Motion for Entry of a Fifth Supplemental Judgment. The Court has considered the Motion and the supporting Declarations of Sue Wever and Thomas J. Angell.

IT IS HEREBY ORDERED THAT:

1. The Clerk of the Court is directed to enter a Fifth Supplemental Judgment in favor of S.E.I.U. Local No. 4 Pension Fund and against Palos Hills Extended Care, LLC in the amount of $18,985.42 (consisting of principal of $14,279.53, interest of $650.74, liquidated damages of $ 2,855.90 and attorney's fees and costs of $1,199.25).

2. This Fifth Supplemental Judgment does not preclude the Plaintiffs from seeking additional sums that may be disclosed in an audit or in subsequently tendered contribution reports.

3. The Court retains jurisdiction over this case.

Entered: _____          _____
                                  Honorable Charles R. Norgle
                                  United States District Judge